THE CENTRAL RAILROAD & BANKING CO. *vs.* HOLLINSHEAD.

1. Where there is evidence suggestive of such a theory, the court may instruct the jury that if the whistle was blown to frighten the animal, and not to keep it from going upon the track, this could be considered.
2. The letter of a defence may be so strong as to weaken its spirit. That a reluctant mule was forced by its driver to run twenty or thirty yards whilst a locomotive ran but forty or fifty, and thus the driver beat the train to the crossing and voluntarily urged the mule upon it ahead of the engine, is less probable than that the mule was frightened by blowing the whistle, and ran upon the crossing contrary to the driver's will, and in spite of his exertions to prevent it.

May 25, 1888.

Charge of court. Railroads. Damages. Negligence.

Before Judge GUSTIN. Houston superior court. October adjourned term, 1887.

Reported in the decision.

W. S. WALLACE & SON, for plaintiff in error.

A. C. RILEY, DUNCAN & MILLER and HARDEMAN & DAVIS, *contra.*

BLECKLEY, Chief Justice.

Hollinshead recovered $75, half the value of his mule. The railroad company moved for a new trial on the general grounds, and because the court erred in charging that if the engineer blew the whistle for the purpose of frightening the mule, and not to keep it from going upon the track, the jury might consider *that.* We think there was no error in this charge, and that the verdict was warranted by the evidence,—not that the defence, taken literally, was too weak but rather too strong. The engineer and fireman both testified that they could and did see the mule 600 yards; that the wagon was standing still twenty or thirty yards away from the crossing; that it remained still until the engine approached to within forty or fifty yards of the crossing, and then the driver started to beat the train, the mule being twenty or thirty yards off, and the train forty or fifty yards off. They testified that the driver urged the mule; that the mule was reluctant, drew back and there was a short struggle between them, the driver urging it forward and the mule apparently pulling back, until it got upon the crossing just in time to have its foreparts stricken by the engine, the engine making only from forty to fifty yards through space, whilst the unwilling mule made twenty or thirty, This, in its letter, is

v 81-14

rather too strong a case for the defence; and its very strength, we doubt not, proved a weakness of spirit. The jury were warranted in believing the plaintiff, who testified that he was doing his best to keep off the track, and that the blowing of the whistle frightened the mule and induced it to run upon the track in spite of his exertions. The refusal of a new trial was correct.

Judgment affirmed.